## The State *against* Moses.

*December*, 1825.

IN the Circuit Court of *Washington* County, *Moses*, a slave, was indicted for the murder of *Sandford McLendon*, his master. The indictment did not charge that the slain was a *free person*. The prisoner was found guilty of manslaughter. His Counsel moved in arrest of judgment, that the indictment and verdict do not bring the offence within the Statute. The Circuit Court passed judgment of death, but referred to this Court the questions of law arising on the motion in arrest of judgment, as novel and difficult.

*A slave found guilty of manslaughter on an indictment charging him with the murder of his master, but not averring that the master was a free person, the offence is not within the Statute of 1814.*

Judge *Crenshaw* delivered the opinion of the Court.

By the Statute of 1814, any slave guilty of the manslaughter of any free person shall, on conviction, suffer death. The indictment here describes the person slain as the " *master and owner* " of the slave *Moses*, but does not

50

DECEMBER, 1825.

The State
v.
Moses.

aver, in the language of the Statute, that the person slain was a *free person.*

In capital cases nothing is to be taken by intendment. The offence must be described, at least substantially, as in the words of the Statute. We are of opinion that the words of the indictment, " master and owner of him the said negro slave, *Moses,*" does not necessarily imply a free person ; and that the judgment must be arrested and the cause remanded for a new trial.

*Sallee,* for the prisoner.

The Attorney General, for the State.